IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ANNETTE SCHIMMING, as Personal Representative of the Estate of GERALD MIELKE,<br><br>    Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>    Defendant. | No. 2:21-cv-00135 |

## PLAINTIFF'S MOTION TO STAY

COMES NOW, Plaintiff Annette Schimming, as Personal Representative of the Estate of Gerald Mielke ("plaintiff"), moves to stay proceedings, and states as follows:

1. Plaintiff respectfully moves this Court to stay all discovery and other proceedings pending the resolution of Plaintiff's motion to transfer under 28 U.S.C. § 1407 by the Judicial Panel on Multidistrict Litigation ("JPML"). Plaintiff's motion under section 1407, has been scheduled for hearing on July 29, 2021, and if granted, will result in the transfer and coordination of 19 similar federal Tasigna product liability cases currently pending in 12 different federal districts.

2. Plaintiff believes there is a high probability that the motion to transfer will be granted, especially given that over 160 similar Tasigna products liability cases pending in New Jersey state court were recently transferred and consolidated before a single judge in New Jersey under the State's multi-county litigation ("MCL") rules. This New Jersey MCL consolidation, together with the requested federal consolidation, creates a unique opportunity for a coordination

of the global Tasigna products liability litigation, which will create many efficiencies that will greatly benefit all Courts and parties involved, as well as eliminate the potential for conflicting rulings in different Courts on the same issues.

3. The interests of judicial economy strongly favor a stay of these proceedings pending resolution of the motion to transfer. The collective plaintiffs in all pending Tasigna products liability litigation are at an impasse with Defendant Novartis Pharmaceuticals Corporation ("Novartis") regarding Novartis's production of what will be millions of pages of documents, and thus Court intervention is necessary. If the motion to transfer is granted, one federal judge will rule on these production issues, hopefully in coordination with the New Jersey State Court judge presiding over the MCL.

4. Absent a stay, Plaintiff will be forced to file a complicated motion to compel in this case, simultaneous with similar motions to compel filed by other Tasigna plaintiffs in other federal courts. This will require a significant amount of judicial resources across multiple courts and will undoubtedly lead to inconsistent rulings because the motions will address several categories of document requests. Only a stay can avoid this potential waste of resources and the short delay contemplated of less than 60 days will result in no prejudice to Novartis or Plaintiff.

5. Plaintiff has met and conferred with Novartis's counsel to seek agreement on a stay, but the Novartis's counsel has indicated that Novartis will oppose any efforts to stay the case.

6. In further support of this motion, Plaintiff incorporates its supporting brief and the Declaration of Richard M. Elias filed simultaneously herewith.

WHEREFORE, Plaintiff requests that the Court issue an order staying all proceedings pending the resolution of the motion to transfer under section 1407 and for any other relief the Court deems just and proper.

Dated: June 21, 2021

Respectfully submitted,

**CURTIS LAW FIRM**
201 Main Street
Suite 1000
La Crosse, WI 54601
608-784-1605
Fax: 608-785-1303
*/s/ Scott Curtis*
Scott J Curtis, Esq.
scott@lacrosselaw.com

**ONDER LAW LLC**
110 East Lockwood, 2nd Floor
St. Louis, MO 63119
Ph: (314) 963-9000
Fax: (314)963-1700
James G. Onder (to be admitted)
onder@onderlaw.com
Lawana S. Wichmann (admission pending)
wichmann@onderlaw.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I certify that on July 6, 2021 a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

/s/ <em>Scott J. Curtis</em>