IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ANNETTE SCHIMMING, as Personal Representative of the Estate of GERALD MIELKE,<br><br>  Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>  Defendant. | No. 2:21-cv-00135 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO STAY**

Plaintiff Annette Schimming, as Personal Representative of the Estate of Gerald Mielke, respectfully moves this Court to stay all discovery and other proceedings pending the resolution of Plaintiff's motion to transfer under 28 U.S.C. § 1407 by the Judicial Panel on Multidistrict Litigation ("JPML"). Plaintiff's motion under section 1407 has been scheduled for hearing on July 29, 2021, and if granted, will result in the transfer and coordination of the 19 similar federal Tasigna products liability cases currently pending in 12 different federal districts. Plaintiff believes there is a high probability that the motion to transfer will be granted, especially given that over 160 similar Tasigna products liability cases pending in New Jersey state court were recently transferred and consolidated before a single judge in New Jersey under the state's multi-county litigation ("MCL") rules. This New Jersey MCL consolidation, together with the requested federal consolidation, creates a unique opportunity for a coordination of the global Tasigna products liability litigation, which will create many efficiencies that will greatly benefit

1

all Courts and parties involved, as well as eliminate the potential for conflicting rulings in different courts on the same issues.

The interests of judicial economy strongly favor a stay of these proceedings pending resolution of the motion to transfer. The collective plaintiffs in all pending Tasigna products liability litigation are at an impasse with Defendant Novartis Pharmaceuticals Corporation ("Novartis") regarding Novartis's production of what will be millions of pages of documents, and thus must seek court intervention immediately. If the motion to transfer is granted, one federal judge will rule on these production issues, hopefully in coordination with the New Jersey state court judge presiding over the MCL. Absent a stay, Plaintiff will be forced to file a complicated motion to compel in this case, simultaneous with similar motions to compel filed by other Tasigna plaintiffs in other federal courts.[1] This will require a significant amount of judicial resources across multiple courts and will undoubtedly lead to inconsistent rulings. Only a stay can avoid this potential waste of resources and the short delay contemplated of less than 60 days will result in no prejudice to Novartis or Plaintiff.

For these reasons, Plaintiff respectfully requests that the Court issue an order staying all proceedings pending resolution of the Plaintiff's pending motion to transfer.

## BACKGROUND

This case is one of a series of nearly 200 pending products liability cases filed against Novartis related to its drug Tasigna—a tyrosine kinase inhibitor approved for the treatment of chronic myelogenous leukemia. In all of these cases, the plaintiffs allege that Tasigna caused

---

[1] Upon information and belief, the plaintiffs in all pending federal Tasigna products liability cases intend to file a similar motion to stay imminently, and, if not granted, several will file substantially similar motions to compel against Novartis in their respective courts. *See* Declaration of Richard M. Elias, at ¶ 8.

accelerated and severe atherosclerosis (narrowing of the arteries) that has caused them severe vascular injuries, including peripheral vascular disease, coronary artery disease, and cerebral vascular disease. Elias Decl., at ¶ 3. There are currently 19 cases pending in 12 different federal districts and over 160 case pending in the New Jersey MCL. *Id.*

On April 14, 2021, Plaintiff filed his motion to transfer under 28 U.S.C. § 1407 with the JPML, seeking to transfer this and 18 other federal cases to a federal judge within this Court for the purposes of pretrial coordination and consolidation. *Id.* at ¶ 4 and Ex. A. Briefing on this motion is complete, and a hearing date has been set for July 29, 2021. *Id.* at ¶ 4. Based on prior precedent, Plaintiff anticipates a ruling from the JPML will issue in early August, less than 60 days from today. *Id.*

With respect to the New Jersey state court cases, on January 19, 2021, counsel for the New Jersey plaintiffs applied to the New Jersey Supreme Court for transfer and consolidation of all Tasigna cases. *Id.* at ¶ 5. On May 28, 2021, the New Jersey Supreme Court published its order transferring and consolidating all of the New Jersey cases to Bergen County before Superior Court Judge Rachelle Harz. *Id.* at ¶ 5 and Ex. B. The Court has now set the initial case management conference for July 8, 2021. *Id.* at ¶ 5

One of the first orders of business for the New Jersey Court will be to resolve a global discovery dispute between all Tasigna plaintiffs and Novartis regarding Novartis's document production—a document production which Novartis has insisted will be made uniformly across all pending Tasigna cases. Counsel for all Tasigna plaintiffs and Novartis have been negotiating Novartis's production for over one year and—despite their best efforts—have been unable to reach agreement with Novartis on a number of issues, including the identity and number of

custodians whose files will be searched, the search terms to be employed for electronic files, and the non-custodial sources from which production should be made by Novartis. *Id.* at ¶ 6.

These same discovery issues would likewise necessitate the intervention of the Courts in the federal actions, including this one. Indeed, absent a stay, Plaintiff in this case will be forced to file a motion to compel immediately, as Novartis has noticed the deposition of one of Plaintiff's physicians who prescribed Tasigna. *Id.* at ¶ 7. This deposition cannot occur until Plaintiff receives a complete production from Novartis, because many of those documents bear on Novartis's communications and marketing efforts with respect to Plaintiff's prescribing physician. *Id.* Numerous other fact witness depositions, including depositions of Novartis's employees, are also being delayed because of the lack of production. *Id.* Absent a stay in this and the other federal actions (which, as discussed in note 1, *supra*, the other federal plaintiffs will be seeking), the individual federal Courts will have to entertain multiple similar motions to compel, which—should the motion to transfer be granted—will result in an unnecessary waste of judicial resources and, undoubtedly, inconsistent rulings.

## ARGUMENT

While a motion to transfer under 28 U.S.C. § 1407 does not, in itself, stay the individual proceedings, district courts often grant stays pending the JPML's decision on transfer. *See e.g., Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1053 (E.D. Wis. 2001) (deferring action until the JPML decides whether to transfer action); *Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000) ("The court concludes that in light of the pending MDL Panel ruling on transfer, this action should be stayed in the interest of judicial economy and to avoid inconsistent results.") The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself,

counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936). In considering whether to issue a stay pending a ruling on an application to transfer under section 1407, "courts consider the following three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the matter is not stayed; and (3) economy of judicial resources." *Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008).

Following this law, Courts routinely grant stays pending a ruling on a motion under section 1407, where, as here, multiple federal courts face pending or imminent motions necessitating them to rule on similar issues that could be addressed more efficiently by a consolidated ruling. *See id.* (granting motion to stay because "any delay [in the proceedings] … is outweighed by the potential for inconsistent jurisdictional rulings and by the defendants potentially having to litigate claims arising from substantially similar transactions in separate courts"); *Board of Trs. of Teacher's Ret. Sys. of St. of Ill. v. Worldcom, Inc.*, 244 F. Supp 2d 900, 906 (N.D. Ill. 2002) ("On balance, this court believes that the interest of judicial economy and the threat of inconsistent rulings outweighs the prejudice to the [plaintiffs] from delay. Accordingly, these cases are stayed pending a transfer decision by the JPML."); *Meyers v. Bayer AG,* 143 F. Supp. 2d 1044, 1053 (E.D. Wis. 2001) ("Because eight other cases present the same or a similar issue as is presented here, judicial economy clearly favors a stay.").

The case for a stay is equally as strong here. Judicial economy strongly favors a stay. Absent a stay, this and other federal Courts will be burdened with deciding substantially similar and complicated motions to compel, involving, among other things, analyses as to the number and types of custodians whose files are to be searched, the search terms to be used in searching their electronic files, and the non-custodial sources from which productions should be made. The Courts, including this Court, will be forced to engage in this process now, risking multiple

5

Case 2:21-cv-00135-JPS   Filed 07/06/21   Page 5 of 8   Document 11-1

inconsistent rulings, when all of this duplicative work will be obviated if the JPML grants the motion to transfer.

Further, neither Novartis nor Plaintiff will be prejudiced by the short delay requested, particularly because the motion to transfer is fully briefed and will likely be decided in the next 60 days. *See e.g., Good v. Altria Group, Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009) ("If the parties are correct and the JPMDL issues a transfer ruling soon after the hearing, the delay will be measured in weeks, which, though regrettable, cannot cause a significant hardship in a case of unusual complexity.")

Moreover, the need for a stay is particularly strong given the recent New Jersey MCL designation and the opportunities created for an efficient coordination of the global Tasigna litigation. In mass tort litigation such as this, federal Courts are strongly encouraged to explore coordination with state courts to, among other things, maximize judicial economy and avoid, where possible, inconsistent rulings. *See Dunlavey v. Takeda Pharms. Am., Inc.*, 2012 WL 3715456, at *2 (W.D. La. 2012); (citing *Manual for Complex Litigation* (Fourth) (the "*Manual*") § § 20.311 and 20.313 (2004)). With the New Jersey state court coordination, the motion to transfer under section 1407 presents a unique opportunity to efficiently handle an extensive body of cases, obviating many hardships and costs to the courts, counsel, and the litigants that would occur absent coordination. The promise of this global coordination will be significantly undermined if this and other federal courts entertain global discovery disputes before the motion to transfer is decided. Judicial economy thus favors a short stay of the proceedings pending the imminent ruling on the transfer motion.

## **CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Court issue an order staying all proceedings pending resolution of the Plaintiff's pending motion to transfer.

Dated: July 6, 2021

Respectfully submitted,

**CURTIS LAW FIRM**
201 Main Street
Suite 1000
La Crosse, WI 54601
608-784-1605
Fax: 608-785-1303
*/s/ Scott Curtis*
Scott J Curtis, Esq.
scott@lacrosselaw.com

**ONDER LAW LLC**
110 East Lockwood, 2nd Floor
St. Louis, MO 63119
Ph: (314) 963-9000
Fax: (314)963-1700
James G. Onder (to be admitted)
onder@onderlaw.com
Lawana S. Wichmann (admission pending)
wichmann@onderlaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on July 6, 2021 a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Scott J. Curtis*
